UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| OLIVER L. SANDERS III, | : | Case No. 3:22-cv-291 |
| | : | |
| Petitioner, | : | |
| | : | |
| vs. | : | District Judge Michael J. Newman |
| | : | Magistrate Judge Kimberly A. Jolson |
| | : | |
| WARDEN, SOUTHEASTERN CORRECTIONAL INSTITUTION, | : | |
| | : | |
| Respondent. | : | |

## REPORT AND RECOMMENDATION

Petitioner, an inmate in state custody at the Southeastern Correctional Institution, has filed a *pro se* Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. (Doc. 1). This matter is currently before the Court on Petitioner's two motions for leave to stay the proceedings in this action. (Docs. 7, 11). Respondent opposes the motions. (Docs. 8, 12). For the reasons below, the motions should be **DENIED**.

Petitioner commenced the instant federal habeas corpus action in October 2022. In his Petition, he raises six grounds for relief. (*See* Doc. 1). Thereafter, Petitioner filed two motions to stay the action in order to exhaust state-court remedies relating to a new claim of ineffective assistance of appellate counsel not presented in his habeas corpus Petition. (*See* Doc. 7, at PageID 717; Doc. 11, at PageID 735).[1] Petitioner argued that a stay was necessary pending the state court's adjudication of his application to reopen his direct appeal pursuant to Ohio Appellate Rule 26(B). At the time he filed his first motion, his Rule 26(B) application was pending in the state court of

---

[1] Petitioner has never moved to amend his Petition to include the new ineffective-assistance-of-appellate-counsel claim, and the Undersigned expresses no opinion at this time as to whether amendment would be appropriate.

appeals. (*See* Doc. 7, at PageID 717). At the time he filed his second motion, the state appellate court had denied the motion to reopen and Petitioner indicated that he was seeking an appeal in the Ohio Supreme Court. (*See* Doc. 11, at PageID 735).

As an initial matter, the Court is not required to dismiss or stay a petition for habeas corpus relief "because the petitioner attempts to raise additional but unexhausted claims during the course of the habeas corpus proceedings." *Jones v. Parke*, 734 F.2d 1142, 1145 (6th Cir. 1984). *See also Bullock v. Jackson*, No. 1:07-cv-392, 2008 WL 906096, at *3 (S.D. Ohio Mar. 31, 2008) (denying motion to stay pending exhaustion of claim of ineffective assistance of appellate counsel that was not presented in habeas corpus petition).

Moreover, Respondent asserts in his response in opposition to Petitioner's second motion for a stay that Petitioner failed to file a timely appeal of the denial of his Rule 26(B) application in the Ohio Supreme Court. (*See* Doc. 12, at PageID 741). Petitioner has not disputed this assertion, and a review of the online docket records maintained by the Clerk of the Ohio Supreme Court does not reveal that an appeal from the denial of Petitioner's motion to reopen was ever opened in the Ohio Supreme Court. As Ohio does not permit delayed appeals in Rule 26(B) proceedings, *see* S. Ct. Prac. R. 7.01(A)(4)(c), it appears that Petitioner's motions for a stay are moot.

For the above reasons, Petitioner has not shown that a stay is appropriate in this case.

It is, therefore, **RECOMMENDED** that Petitioner's motions to stay the instant case (Docs. 7, 11) be **DENIED.**

## PROCEDURE ON OBJECTIONS

Pursuant to Fed. R. Civ. P. 72(b), **WITHIN 14 DAYS** after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed

2

findings and recommendations. This period may be extended further by the Court on timely motion for an extension. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. If the Report and Recommendation is based in whole or in part upon matters occurring on the record at an oral hearing, the objecting party shall promptly arrange for the transcription of the record, or such portions of it as all parties may agree upon, or the Magistrate Judge deems sufficient, unless the assigned District Judge otherwise directs. A party may respond to another party's objections **WITHIN 14 DAYS** after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).

Date: August 1, 2023    /s/ Kimberly A. Jolson
KIMBERLY A. JOLSON
UNITED STATES MAGISTRATE JUDGE